#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sandra Sims, | ) | |
| | ) | Civil Action No. 5:16-cv-01025-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Ryder Truck Rental, Inc.; McLane Company, Inc.; Meadowbrook Meat Co.; Henry's Soc. LLC; and Sherman Hardy, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court pursuant to Plaintiff Sandra Sims' ("Plaintiff") Motion to Remand the instant case to the Court of Common Pleas in Orangeburg, South Carolina. (ECF No. 5.) Defendants Ryder Truck Rental, Inc., McLane Company, Inc., Meadowbrook Meat Company,[1] Henry's Social, and Sherman Hardy (collectively "Defendants"), oppose Plaintiff's Motion to Remand and request that the court retain jurisdiction. (ECF No. 7.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 5).

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2015, Plaintiff filed a complaint for a jury trial in the Court of Common Pleas in Orangeburg County, South Carolina. (ECF No. 1-1 at 5.) Plaintiff alleges that she was injured while unloading items from a delivery truck. (ECF No. 1-1 at 6:7.) For jurisdictional purposes, Plaintiff asserts that she is a resident of the State of South Carolina. (ECF No. 1-1 at 5:1.) Plaintiff did not specify the amount of damages in the Complaint (ECF No. 1-1 at 5), but stipulated that "pursuant to Section 19-1-150 of the Code of Laws of the State of South Carolina,

---

[1] The court observes that MBM is identified as Meadowbrook Meat Company in the Notice of Removal (ECF No. 1).

1

she will continue to incur damages into the future all to the Plaintiff's damages in an amount to be determined by the trier of fact." (ECF No. 1-1 at 9:18.)

On April 1, 2016, Defendants filed a Notice of Removal (ECF No. 1) asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy is met. (ECF No. 1 at 4 ¶ 6.)

On April 15, 2016, Plaintiff filed a Notice of Motion and Motion to Remand arguing that (1) there is not complete diversity of citizenship among the parties because Defendant Henry's Social ("Henry's") is a resident or agent of the State of South Carolina; and (2) remand is proper because removal jurisdiction did not exist when Defendants' Notice of Removal was filed. (ECF No. 5 (citing U.S.C. §§ 1332(a)(1), 1441(a)).)

On May 2, 2016, Defendants filed a Response in Opposition to Plaintiff's Motion to Remand (ECF No. 7) arguing that subject matter jurisdiction does exist because: (1) Plaintiff failed to properly serve Defendant Henry's; (2) Plaintiff has no intention to obtain joint judgment against Defendant Henry's; and (3) Plaintiff has no evidentiary basis to support a premises liability claim against Defendant Henry's. (ECF No. 7 at 3-5.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2012). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a) (2012). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction.

*See Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.,* 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.,* 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g., St. Paul Mercury Indem. Co.,* 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted). However, where a complaint includes a request for nonmonetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A) (2012). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case

belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III. ANALYSIS

The dispute in this matter is whether complete diversity exists between the parties pursuant to 28 U.S.C. § 1332. Defendants assert that the district court has original jurisdiction because Defendant Henry's – a company incorporated in Orangeburg, South Carolina[2] – was not properly served with process and that Plaintiff fraudulently joined Defendant Henry's to defeat diversity. (ECF No. 7 at 3.) Alternatively, Plaintiff claims that Defendant Henry's was properly served because a Registered Agent signed the service. (ECF No. 5 at 6.) Moreover, Plaintiff claims that removal is improper because there is a "possibility" that a cause of action might be established against Defendant Henry's. (ECF No. 5 at 8.)

The Fourth Circuit Court of Appeals has stated that showing fraudulent joinder requires that "the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in the state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Defendants argue that fraudulent joinder is present in the instant case because Plaintiff has taken no action to enter default against Defendant Henry's. (ECF No. 7 at 5.) However, the court is not convinced that this reason demonstrates outright fraud on the part of Plaintiff. Thus, the court must only determine whether Plaintiff has any possibility of recovery against Defendant Henry's.

Accordingly, Defendants "bear a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. *Hartley*,

---

[2] The court notes that "Henry's SOC, LLC" is registered with the South Carolina Secretary of State.

187 F.3d at 424 (The Fourth Circuit also indicated that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).")

In support, Defendants argue that "[Plaintiff's] reliance on future discovery . . . would seem to be a tacit admission that [Plaintiff] presently has no evidentiary basis to support a premises liability claim against [Defendant] Henry's." (ECF No. 7 at 5.) Further, Defendants assert that "the idea that future discovery may substantiate a claim against Henry's should not be found persuasive when this action has been pending for eleven months, during which [Plaintiff] has not discovered any such evidence." (ECF No. 7 at 6.)

However, the court is not persuaded that Plaintiff has no chance at establishing a claim of premises liability against Defendant Henry's simply because of Defendants' impatience with the discovery process. *See Hartley*, 187 F.3d at 426 ("[t]here need only be a slight possibility of a right to relief"). Moreover, Plaintiff states a valid cause of action for negligence against Defendant Henry's for "failure to have restraints or barricades blocking the loading area and a failure to have proper safety procedures in place for their premises." (ECF No. 5 at 8.) As such, the court finds that a question exists as to whether Defendant Henry's maintained its premises in a reasonably safe condition. Therefore, the court finds that Defendants have not satisfied the heavy burden necessary to show fraudulent joinder.

Finally, the court acknowledges there is ambiguity as to the process of service between the parties. However, the Fourth Circuit has held that "courts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir. 1993). Therefore, at the present time, the court concludes that jurisdiction is proper in the state court.

5

## IV. CONCLUSION

Based on the forgoing, Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 24, 2016
Columbia, South Carolina

6